UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPHY MUSIC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JULIAN TAPIA SENA, VERGE RECORDS, ET. AL.,<br><br>Defendants. | Case No. 1:21-cv-00216-JLT-HBK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO COMPEL<br><br>(Doc. 100) |

Presently before the Court is Plaintiff/Counter-Defendant Hyphy Music, Inc.'s motion to compel Defendant/Counterclaimant Julian Tapia Sena to provide further supplemental responses to interrogatories and request for sanctions. (Doc. 100). The Court heard argument on July 10, 2026. Attorney John Begakis appeared on behalf of Plaintiff/Counter-Defendant Hyphy Music Inc., ("Hyphy") and Attorney Eduardo Martorell appeared on behalf of Defendant/Counterclaimant Julian Tapia Sena ("Sena"). For the reasons set forth on the record at the June 10, 2026, hearing and summarized below, the motion to compel is granted in part and denied in part.

Accordingly, IT IS ORDERED:

1. Hyphy's motion to compel (Doc. 100) is GRANTED as to Interrogatory 3. Sena's objections are OVERRULED. Hyphy clarified the term "song" as used in Interrogatory 3 at the hearing. To the extent Sena deems any term vague and

ambiguous, he shall provide a reasonable interpretation of the term and serve a second supplemental response to Interrogatory 3 based on that clarification and his reasonable interpretation.

2. Hyphy's motion to compel (Doc. 100) is GRANTED as to Interrogatory 4. Sena's objections are OVERRULED. Hyphy clarified the term "song" as used in Interrogatory 4 at the hearing. To the extent Sena deems any term vague and ambiguous, he shall provide a reasonable interpretation of the term and serve a second supplemental response to Interrogatory 4 based on that clarification and reasonable interpretation.

3. Hyphy's motion to compel (Doc. 100) is GRANTED as to Interrogatory 5. Sena's objections are OVERRULED. Hyphy clarified the term "song" as used in Interrogatory 5 at the hearing. To the extent Sena deems any term vague and ambiguous, he shall provide a reasonable interpretation of the term and serve a second supplemental response to Interrogatory 5 based on that clarification and reasonable interpretation.

4. Hyphy's motion to compel (Doc. 100) is GRANTED as to Interrogatory 6. Sena's objections are OVERRULED. Hyphy clarified the term "song" as used in Interrogatory 6 at the hearing. To the extent Sena deems any term vague and ambiguous, he shall provide a reasonable interpretation of the term and serve a second supplemental response to Interrogatory 6 based on that clarification and reasonable interpretation.

5. Hyphy's motion to compel (Doc. 100) is GRANTED IN PART and DENIED IN PART as to Interrogatory 15. Sena's boilerplate objections that the interrogatory is overbroad, requires premature expert testimony, or similar non-specific objections are substantively unfounded and are OVERRULED. Sena shall: (a) identify documents within his possession or control showing total revenue from exploitation of the name "Grupo Ensamble" from 2019 to present; and (b) provide a complete written response stating whether any responsive materials are being withheld and, if so, on what

specific basis. The Court denies without prejudice any objection that the request requires expert analysis, as damages experts will later be free to offer opinions based on the produced revenue data.

6. Hyphy's motion to compel (Doc. 100) is GRANTED IN PART and DENIED IN PART as to Interrogatory 21.[1] Sena's response stating "by way of examples only" is incomplete. Sena shall serve a second supplemental response identifying all individuals known to him, after reasonable inquiry, who have stated to him that they read the alleged defamatory statements by Martinez. Sena need not guarantee "finality" but must provide a complete, good-faith response based on information currently known or reasonably available, and may supplement his response as appropriate.

7. Hyphy's motion to compel (Doc. 100) is GRANTED IN PART and DENIED IN PART as to Interrogatory 22. Sena's response stating "by way of examples only" is incomplete. Sena shall serve a second supplemental response identifying all individuals known to him, after reasonable inquiry, who have stated to him that they read the alleged defamatory statements by Martinez and believed he was the subject of those statements. Sena need not guarantee "finality" but must provide a complete, good-faith response based on information currently known or reasonably available, and may supplement his response as appropriate.

8. Hyphy's motion to compel (Doc. 100) is GRANTED IN PART and DENIED IN PART as to Interrogatory 18. Sena shall serve a second supplemental interrogatory response identifying by name each business relationship he contends was terminated or reduced as a result of the alleged defamation and may refer to the pages of his deposition transcript where he has described the circumstances, timing, and impact of that loss. No further narrative detail is required at this time if all losses were described in the deposition. If other losses not described in the deposition have been identified,

[1] Hyphy acknowledges the motion to compel incorrectly mislabeled interrogatory 21 as 16 and interrogatory 22 as 17.

Sena shall provide a description of those losses and shall supplement his response, as appropriate.

9. Sena shall serve his second supplemental responses within fourteen (14) days of this Order.

10. The Court reserves ruling on the sanctions portion of Hyphy's motion to compel.

Dated: July 13, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE