UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPHY MUSIC, INC.,<br>Plaintiff,<br>v.<br>JULIAN TAPIA SENA, VERGE RECORDS, ET. AL.,<br>Defendants. | Case No. 1:21-cv-00216-JLT-HBK<br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ALTERNATIVE SERVICE OF THIRD AMENDED COMPLAINT ON ISIDORA GLORIA POSADAS ROMANO WITHOUT PREJUDICE<br>(Doc. 97) |

Pending before the Court is Plaintiff/Counter-Defendant Hyphy Music, Inc.'s motion for alternative service of the Third Amended Complaint upon Isidora Gloria Posadas Romano, filed on May 20, 2026. (Doc. 97). Defendant/Counterclaimant Julian Tapia Sena opposed the motion on May 22, 2026. (Doc. 98). Hyphy did not file a reply, and the time to do so has passed. For the reasons below, the Court recommends that the motion be denied without prejudice.

I. BACKGROUND

Hyphy commenced this action on February 19, 2021, against Isidora Gloria Posadas Romano ("Posadas Romano"), among others. (Doc. 1). The operative Third Amended Complaint, filed October 15, 2021, also named Posadas Romano as a defendant. (Doc. 17).

Following a July 3, 2025 status conference, the Court ordered Hyphy to show cause why Defendant Posadas Romano should not be dismissed under Federal Rule of Civil Procedure 4(m). (Doc. 69). On July 8, 2025, Hyphy voluntarily dismissed Defendant Posadas Romano without prejudice pursuant to Rule 41(a)(1)(A)(i). (Docs. 71, 72).

On May 20, 2026, Hyphy filed the present motion, seeking to substitute serve Posadas Romano by email through Defendant/Counter-Claimant Julian Tapia Sena. (Doc. 97).

II. PARTIES' ARGUMENTS

Hyphy asserts that it has been unable to locate Posadas Romano during this litigation. (Doc. 97 at 6). According to Hyphy, it has been unable to determine where she resides in Mexico and, therefore, has been unable to attempt service through the Hague Convention, and was therefore "forced" to dismiss her without prejudice. (*Id.*). Hyphy contends that changed circumstances warrant alternative service because Tapia Sena testified that he may act on Posadas Romano's behalf "without any limitation," and his counsel stated on the record that Tapia Sena would receive "all service . . . for all purposes relating to this litigation" through counsel's office. (*Id*. at 7.) Hyphy also asserts that Tapia Sena holds Posadas Romano's power of attorney. (*Id*. at 9–10).

Hyphy further contends that Posadas Romano is indispensable to its infringement claim because Tapia Sena has identified her as the "true owner of the principal version of the sound recording for the Work." (*Id*. at 8). In support, Hyphy submits the declaration of Jose Martinez, who states that neither he nor Hyphy has known Posadas Romano's address in Mexico and that their inquiries to persons who know her have not produced that information. (*Id*. at 11).

Tapia Sena opposes the motion. (Doc. 98 at 3). He contends that Hyphy has not exercised due diligence to locate or serve Posadas Romano and has not justified its failure to pursue available Hague Convention procedures. (*Id*. at 3–7). He also argues that Hyphy's voluntary dismissal of Posadas Romano undermines its asserted urgency and contention that she is indispensable. (*Id*. at 7–8).

////

////

III. ANALYSIS

Hyphy seeks leave under Rule 4(f)(3) to serve Posadas Romano by transmitting the summons and complaint to a third party's email address. The Court need not decide whether the proposed method of service would be permissible under Rule 4(f)(3). Posadas Romano was voluntarily dismissed without prejudice and is no longer a party to this action. *See Breitzman v. City of Phoenix*, No. CV-24-02480-PHX-JJT, 2025 WL 34515 * 3 (Jan. 30, 2025)("[A] plaintiff cannot simply 'add back' a defendant the plaintiff named in the original complaint and then failed to serve within the time provided in the Rules. Such result would render Rule 4(m) a nullity." *See also Stewart v. Morgan* No. 6:10-CV-630-ORL-28, 2012 WL 2680774, at *1 n.1 (M.D. Fla. June 5, 2012), *report and recommendation adopted sub nom. Stewart v. Sterling Tech. Sols., LLC*, No. 6:10-CV-630-ORL-28, 2012 WL 2680548 (M.D. Fla. July 6, 2012) ("Counsel apparently believes a dismissal without prejudice means that a defendant can be "added back in" the same suit by mere request. He is, of course, mistaken. Indeed, such an interpretation would render the show cause process and resulting dismissal to be meaningless.").

If Hyphy seeks to pursue claims against Posadas Romano in this action, it must first seek leave to file an amended complaint reasserting claims against and rejoining her as a defendant. The Court expresses no opinion at this time as to whether any such claims would be timely, including whether the applicable statute of limitations has expired, or whether any amendment would otherwise be permissible.

Accordingly, IT IS RECOMMENDED that Plaintiff/Counter-Defendant Hyphy Music, Inc.'s motion for alternative service on Isidora Gloria Posadas Romano (Doc. 97) be DENIED without prejudice.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen

(15) pages. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated: August 7, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE